UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| CONVERSE, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:26-cv-01093-SRC |
| | ) | |
| THE PARTNERSHIPS AND | ) | |
| UNINCOPORATED ASSOCIATIONS | ) | |
| IDENTIFIED ON SCHEDULE A, | ) | |
| | ) | |
| Defendants. | ) | |

**Memorandum and Order**

Converse sues Defendants for trademark infringement.  To prevent Defendants from potentially evading service, destroying evidence, or hiding assets before Defendants are properly served with process, Converse seeks leave to temporarily file several documents under seal.  For the reasons explained below, the Court grants Converse's motions to file under seal.

I.      **Background**

A.      **Factual background**

Converse is a designer, marketer, and distributor of footwear and apparel—known for its "Chuck Taylor All Star" and "One Star" sneakers.  Doc. 1 at ¶ 5.  To protect its brand, "Converse has registered many trademarks with the United States Patent and Trademark Office." *Id.* at ¶ 8.  Converse alleges that Defendants—"individuals and business entities of unknown makeup" who operate e-commerce stores under aliases—have infringed Converse's trademarks by selling counterfeit goods on online marketplace platforms such as Amazon, eBay, AliExpress, Alibaba, Walmart, Wish.com, Etsy, Temu, and DHgate.  *Id.* at ¶¶ 18, 21; *see also id.* at ¶¶ 22–32.

Converse sues Defendants under the Lanham Act for trademark infringement and counterfeiting, *id.* at ¶¶ 33–39, as well as false designation of origin, *id.* at ¶¶ 40–44.

### B. Procedural background

Converse filed its Complaint and moved for an ex parte temporary restraining order against Defendants on July 13, 2026. *See* docs. 1, 11. As a corollary to its request for ex parte relief, Converse also filed two motions for leave to file under seal. *See* docs. 5, 15. The first motion seeks to temporarily seal "the list of Defendants identified on Schedule A to the Complaint" Doc. 5 at 1. The second motion seeks to temporarily seal (1) Converse's temporary restraining order, and (2) Exhibit 2, which contains "screenshot printouts showing the Defendants' e-commerce stores operating under the Seller Aliases." Doc. 15 at 1. Converse seeks to file these documents under seal "to prevent the Defendants from learning of these proceedings prior to the execution of the temporary restraining order." Doc. 5 at 1; *see also* doc. 15 at 2. The Court now takes up both motions.

## II. Standard

The Supreme Court has recognized "a common-law right of access to judicial records." *IDT Corp. v. eBay*, 709 F.3d 1220, 1222 (8th Cir. 2013) (citing *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978)). And the Eighth Circuit has "agree[d] with the other circuits that the common-law right of access applies to judicial records in civil proceedings." *Id.* This common-law "right of access bolsters public confidence in the judicial system by allowing citizens to evaluate the reasonableness and fairness of judicial proceedings, and 'to keep a watchful eye on the workings of public agencies.'" *Id.* (citations omitted). "It also provides a measure of accountability to the public at large, which pays for the courts." *Id.* (citing *Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 945 (7th Cir. 1999)).

2

However, the common-law right of access is not absolute.  *See id.* at 1222–23.  Thus, "[w]here the common-law right of access is implicated, the court must consider the degree to which sealing a judicial record would interfere with the interests served by the common-law right of access and balance that interference against the salutary interests served by maintaining confidentiality of the information sought to be sealed."  *Id.* at 1223.  The weight to be given the presumption of access "must be governed by the role of the material at issue in the exercise of Article III judicial power and resultant value of such information to those monitoring the federal courts."  *Id.* at 1224 (quoting *United States v. Amodeo*, 71 F.3d 1044, 1049 (2d Cir. 1995)). "[J]udicial records and documents generally will 'fall somewhere on a continuum from matters that directly affect an adjudication to matters that come within a court's purview solely to insure their irrelevance.'"  *Id.* at 1223 (quoting *Amodeo*, 71 F.3d at 1049).  "Although the court is given this supervisory power, 'only the most compelling reasons can justify non-disclosure of judicial records.'"  *In re Neal*, 461 F.3d 1048, 1053 (8th Cir. 2006) (quoting *In re Gitto Glob. Corp.*, 422 F.3d 1, 6 (1st Cir. 2005)).

## III.    Discussion

In its first motion, Converse seeks leave to seal "Schedule A attached to the Complaint," which lists "the fully interactive, e-commerce stores operating under the seller aliases . . . and the e-commerce store URLs."  Doc. 5 at 1; *see also* doc. 6-1 (showing the list of Defendant sellers included on Schedule A).  And in its second motion, Converse seeks leave to seal (1) its temporary restraining order, and (2) Exhibit 2, which "includes screenshot printouts showing the Defendants' e-commerce stores operating under the Seller Aliases."  Doc. 15 at 1; *see also* docs. 16-1–16-17, 17, 17-1–17-15 (Exhibits 2 through 2-31 and Converse's proposed temporary restraining order).

For both motions, Converse argues that sealing is necessary to prevent Defendants from "conceal[ing] themselves from service, destroy[ing] evidence, and remov[ing] their ill-gotten assets from the jurisdiction of this Court." Doc. 6 at 2; doc. 16 at 2. In support of these allegations, Converse submits a declaration from its attorney, Michael Harris, who avers that alleged counterfeiters like Defendants "will often register new e-commerce stores under new aliases once they receive notice of a lawsuit." Doc. 18 at ¶ 2. Harris also states that these counterfeiters "attempt to transfer funds to offshore bank accounts outside the jurisdiction of this Court once they have received notice of a lawsuit." *Id.* at ¶ 3. So should Defendants learn of these proceedings prematurely, Converse argues, Defendants' resulting actions would "frustrate the purpose of the underlying law and would interfere with this Court's power to grant relief." Doc. 5 at 2; doc. 15 at 2; *see also* doc. 6 at 3; doc. 16 at 3. Converse also notes that it seeks only temporary sealing, and that the documents should be unsealed after the Court rules on Converse's motion for a temporary restraining order and Defendants receive notice of this lawsuit. *See* doc. 5 at 2; doc. 15 at 2; *see also* doc. 6 at 3; doc. 16 at 3.

The Court finds that temporarily sealing these materials is appropriate. Converse's arguments regarding possible destruction of evidence and transfer of assets provide a compelling reason justifying nondisclosure. *See Neal*, 461 F.3d at 1053. And the documents Converse seeks to seal play a role in the Court's ability to exercise Article III power, because if Defendants prematurely access these documents and evade service or destroy evidence, they would interfere with the Court's ability to adjudicate this dispute. *See IDT Corp.*, 709 F.3d at 1222–24. Additionally, Defendants' transferring assets to foreign jurisdictions would impair the Court's ability to grant relief to Converse in the event it prevails on the merits of its claims. *See id.* The Court therefore finds that these documents do not merely "come within [the Court's] purview

4

solely to insure their irrelevance." *Id.* at 1223 (quoting *Amodeo*, 71 F.3d at 1049). The Court therefore grants Converse's motions for leave to file under seal, docs. 5, 15, and orders that the requested documents be sealed until the Court rules on Converse's pending motion for a temporary restraining order and Converse has provided notice of this action to all Defendants. After this point, absent a motion demonstrating legally sufficient reasons, the Court will unseal all such documents.

## IV.    Conclusion

Accordingly, the Court grants Converse's [5] [15] motions for leave to file under seal. The Court orders that Schedule A (doc. 6-1), Exhibit 2 (docs. 16-1–16-17, 17, and 17-1–17-14), Converse's proposed temporary restraining order (doc. 17-15), and any ex parte temporary restraining order the Court issues remain under seal until further order of Court.

So ordered this 21st day of July 2026.

_____
STEPHEN R. CLARK
CHIEF UNITED STATES DISTRICT JUDGE

5